UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cause No. 2:24-CR-0029 |
| | ) | |
| CHALISE SHANTE GAINES | ) | |
| | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by Tina L. Nommay, Acting United States Attorney for the Northern District of Indiana, through Caitlin M. Padula, Assistant United States Attorney, and files the following sentencing memorandum:

## I.    Introduction

Ms. Gaines pled guilty to Count 2 of her Indictment, a violation of 18 U.S.C. § 924(a)(1)(A) --Making a False Statement with Respect to Information Required by Law to be Kept in the Records of a Federally Licensed Firearms Dealer. The government recommends a sentence at the bottom of the guideline range. The guideline imprisonment range for Ms. Gaines is 6 to 12 months incarceration; since her applicable guideline range is in Zone B of the sentencing Table, the minimum term can be satisfied by a sentence of probation that includes a condition of that substitutes home detention for imprisonment pursuant to U.S.S.G. § 5C1(c) and (e). The least onerous of these

options is a sentence of probation that includes a condition of six months of home detention. U.S.S.G. §5C1.1, application note 3(B).  Such a sentence is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553.

## I.    Application of § 3553(a) Factors
### A. The Nature and Circumstances of the Offense

In October 2019, the First Financial Bank in Hammond, Indiana was robbed at gunpoint. Officers pursued the robbers to an abandoned lot in Gary.  They found one of the robbers—Anthony Day—standing in the tree line.  They also found Day's disguise, a GPS tracker, stolen money and two firearms, including a black American Tactical firearm with a 30-round magazine.  Much of the evidence, including the American Tactical firearm, had Anthony Day's DNA on it.  At the time of this crime, Anthony Day was on bond for a murder that had recently gone through a mistrial in Lake County Courts.

An investigation revealed that Chalise Shante Gaines had purchased the American Tactical firearm just two weeks before the robbery from Westforth Sports in Gary.

Surveillance video showed Chalise Gaines and Anthony Day in the parking lot together on September 24, 2019.  Gaines got into Day's car, drove out of the lot and returned to enter the store. There, she ordered and paid for

the American Tactical firearm.  When she ordered the firearm, she completed the ATF Form 4473, in which she represented that she was the true purchaser of the firearm and that she lived in Lafayette, Indiana.  A few days later, she returned to pick up the firearm and certified that her previous answers were correct.

Officers went to Gaines' home in Gary, Indiana.  Gaines was not home, but she pulled up in a car that was registered to Day's mother.  She acted shocked about the officers' presence and claimed she did not know Day very well and did not know he was on bond for murder.  She denied he was present with her at Westforth's when she picked out and paid for the firearm. Gaines gave officers the receipt for the American Tactical and led them into her bedroom to see the gun.  She acted shocked that the firearm was not in her closet and stated that Day's friends must have stolen her firearm when she was not looking.  She was reminded that it was against the law to lie to a federal agent.

Officers spoke to her again and Gaines admitted to lying to them in her initial interview so that she "did not have to be involved."  She admitted she knew Day was on bond for murder (but claimed she did not know he was also

a felon[1]).  She claimed Day had shown up in the parking lot at Westforth's by coincidence.

Eventually, she spoke to officers a third time in a witness preparation session before Anthony Day's trial and she admitted she lived on Hemlock in Gary, rather than in Lafayette, Indiana as she had sworn on the Form 4473. Day was convicted at trial and sentenced to 292 months in the Bureau of Prisons; Gaines was not called as a witness.

### B. The History and Characteristics of the Defendant

Ms. Gaines has lived in Northwest Indiana her entire life.  While she was provided with life's necessities in her youth, she also disclosed childhood trauma. She has a good relationship with her mother and her two full siblings. She received her GED after leaving high school. Both her husband, Antoine Gates, and one of her sons, Jamell Brooks, are currently federally incarcerated on charges related to various murders

She has 17 grandchildren. She has some medical issues but is not currently medicated for them. She has no history of drug or alcohol abuse. She has a good

---

[1] Day had been convicted of Attempted Murder in 1996 and Class C Felony Battery in 1996.  He was discharged from parole in those cases in 2016.  At the time of the bank robbery, he had been charged with Murder, Attempted Murder, Battery with a Deadly Weapon and Possession of a Firearm by a Serious Violent Felon and was on bond pending those charges.  He was convicted of those charges on March 22, 2024, and sentenced to 107 years in the Indiana Department of Correction.

work history and has been employed full time as a home healthcare aide since January 2023.

The defendant has minimal criminal history. She has received two pretrial diversion agreements, one for Theft and one for Domestic Battery. She completed both agreements and the cases were dismissed.

## Conclusion

This is a serious crime. Chalise Gaines made a choice that placed a firearm into the hands of a multi-convicted felon, who was on bond for murder. He used that gun to commit an armed bank robbery.

Ms. Gaines' guidelines place her in Zone B of the sentencing table; therefore, her sentence may be satisfied with a non-custodial sentence. The government requests a sentence at the bottom of the applicable guidelines, which would be probation in this case. A sentence of one year of probation, with a condition of six months of the sentence to be served on home detention, would be at the bottom of the guideline range and consistent with U.S.S.G. policy. (PSR 79, 80). Such a sentence would result in protection of the public from the defendant and just punishment militate. Such

a sentence is a fair and reasonable one under all the circumstances.

           Respectfully submitted,

           TINA L. NOMMAY
           Acting United States Attorney


By:   */s/ Caitlin M. Padula*
       Caitlin M. Padula
       Assistant United States Attorney
       United States Attorney's Office
       Northern District of Indiana
       5400 Federal Plaza, Suite 1500
       Hammond, Indiana 46320
       Telephone: 219-937-5500
       Email: Caitlin.padula@usdoj.gov