UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ). No. 2:24 – CR – 0029 |
| | ) |
| CHALISE SHANTE GAINES | ). |
| | ) |

### CHALISE GAINES SENTENCING MEMORANDUM

NOW COMES the Defendant, Chalise Gaines, by and through her attorney, Devin N. Luster, and hereby submits his Sentencing Memorandum as follows:

### INTRODUCTION

On April 10, 2025, the Defendant was charged in a two-count indictment with 1 count of knowingly making a false statement in the acquisition of a firearm 18 U.S.C. 922(a)(6). In addition, she was charged with 1 count of knowingly making a false statement to a licensed firearms dealer in the acquisition of a firearm 18 U.S.C. 924(a)(1)(A) and (b).

On February 12, 2025, she entered a plea of guilty pursuant to a non-binding plea agreement to Count Two of the indictment which charged 18 U.S.C. § 924(a)(1)(A) --Making a False Statement with Respect to Information Required by Law to be Kept in the Records of a Federally Licensed Firearms Dealer.

Chalise Gaines is currently 51 years of age. She has admitted that around September 24, 2019, she knowingly purchased an American Tactical firearm from Westforth Sports in Gary. The gun store is located in Gary, Indiana. The same gun purchased by Defendant was used by Anthony Day in a bank robbery. During the time period alleged in the indictment, Gaines admits that the videos and images she received depicted Gaines and Anthony Day in the parking lot of the gun store.

1

Officers went to Gaines' home and questioned her about the purchase of the gun. The Defendant proclaimed that she was not at the store with Anthony Day, however now she admits that she was present with Anthony Day at the gun store. She also admits that she made a false claim on the form 4473 to obtain the gun by claiming she lived in Laffayette, IN but she in fact lived in Hemlock in Gary, IN.

During the above period, the Defendant was going through issues in her dating relationship with Anthony Day, who was a felon. He convinced her to purchase the gun.

## OBJECTIONS TO THE PRESENTENCE REPORT

The Defendant has no corrections to the Presentence Report.

## OFFENSE LEVEL COMPUTATIONS

The Defendant submits that Offense Level Computations pursuant to §2K2.1(a)(7), the base offense level is 12, no enhancements. Pursuant to U.S.S.G. § 5C1(c)and (e) the Defendant's term can be satisfied by a sentence of probation.

## TITLE 18 U.S.C. SECTION 3553(a)

As this Court is aware, the United States Supreme Court held in United States v. Booker, 125 S.Ct. 738, 756-57 (2005), that the guideline range is advisory only. In Gall v. United States, 128 S.Ct. 586 (2007), this Court was given wide discretion in sentencing defendants under 3553 and extraordinary reasons are not necessary to justify a sentence outside of the guidelines.

A district court should first calculate the applicable guideline range as a starting point. Rita v. United States, 127 S.Ct. 2456, 2463-64 (2007). However, the Sentencing Guidelines "are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the 3553(a) factors to determine whether they support the sentence requested by a party," Gall,

2

128 S.Ct. at 596. The court should consider the respective parties' arguments as to whether the guidelines' sentence should apply but "without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). The district court may sentence a defendant to a sentence below the Guideline range based on a disagreement with a particular Guideline even in an ordinary case. Sparks v. United States, 129 S.Ct. 840, 841 (2009).

The sentence imposed pursuant to 18 U.S.C. 3553(a) should be "sufficient, but not greater than necessary," to satisfy the purpose of sentencing. According to 3553(a)(2), the purposes of sentencing are:

(A) To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

(B) To afford adequate deterrence to criminal conduct;

(C) To protect the public from further crimes of the defendant; and

(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Furthermore, aside from the purposes of sentencing and the advisory Guideline range, courts are required to also consider: the nature and circumstances of the offense; the characteristics and history of the defendant; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to the victims of the offense. 18 U.S.C. 3553(a).

In this case, we are urging this Court to give special consideration to the characteristics and history of Chalise Gaines. The United States Supreme Court has held that in determining an appropriate sentence, "no limitation is....to be placed on the information concerning the background, character, and conduct" of a defendant." Pepper v. United States, 131 S.Ct. 1229, 1241 (2011) see also Koon v. United States, 518 U.S. 81, 113 (1996) ("consider every convicted

3

person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue."). Therefore, after considering the guidelines, a court can determine that a below guideline range sentence is appropriate if a within-guideline range sentence is "greater than necessary" to serve the objectives of sentencing. Kimbrough, 552 U.S. at 110.

## SENTENCING FACTORS AS APPLIED TO CHALISE GAINES

Chalise Gaines is 51 years old. She obtained a GED 1997 through Gary Career Center. She has never been convicted of any criminal offense. She has been employed as a home health care aide through Ashur Home Care since January 2023. She works between 50 and 55 hours a week and earns $11 an hour. In addition, Gaines operates a cleaning business, Squeaky Clean, where she earns about $400 in net income per month.

Chalise Gaines was raised by her mother and father who were never married. Father eventually married and Gaines experienced sexual abuse by her stepbrother from the age of 12 and 16 years old. Her father found out and tried to stop the abuse. The abuse was never reported to the police.

This Defendant is a mother of 7 and a grandmother of 17. She is also a caregiver to her 71-year-old mother. Chalise Gaines was married in 2006 to Antoine Gates. Their relationship ended once Antoine became incarcerated. Since, she has had 2 other relationships.

Chalise Gaines has not been back to the gun store. She has maintained lawful employment. She has had no contact with Anthony Day and other incarcerated persons. He has never committed a crime with a firearm.

4

As she related to the probation officer, she understands that her conduct was not acceptable. She feels bad about her conduct and has come to "terms" with it. She understands she committed the offense to escape and satisfy her then boyfriend. She states this offense will not happen again.

Chalise Gaines was evaluated by Sanjin Bosnjak of the United States Probation Officer who conducted a risk assessment. She was classified as level 0.

They found that Ms. Gaines does currently suffer from attention deficit hyperactivity disorder (ADHD). She has no reported substance abuse problems.

The Presentence Report states that the Guideline level is 12. They recommend 6-month home detention. As discussed above, 3553(a) should determine the sentence. This Defendant has entered a plea of guilty to Making a False Statement with Respect to Information Required by Law.

We submit that Chalise Gaines personal characteristics and the nature and circumstances of her rehabilitation are also of counterbalancing weight. Again, we are asking for a lenient sentence with a term of 6-month probation without home detention.

Respectfully submitted,

s/Devin N. Luster

**LUSTER LAW LLC**
Devin N. Luster, Esq.
Attorney for Petitioner
18141 Dixie Hwy, STE 203
Homewood, IL 60430
Tel.: (708) 872-0210

5